JOHN L. RICH and PATRICIA R. RICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rich v. Commissioner
Docket No. 1710-83.
United States Tax Court
T.C. Memo 1985-248; 1985 Tax Ct. Memo LEXIS 389; 49 T.C.M. (CCH) 1544; T.C.M. (RIA) 85248; May 23, 1985. John L. Rich, pro se. Margaret Hebert, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $6,762 in petitioners' 1978 Federal income tax. After concessions, the sole issue is whether petitioners are entitled to claim an investment tax credit with respect to a mobile home and related furniture and appliances. The facts have been fully stipulated and are so found. Petitioners, John L. and Patricia R. Rich, resided in Cypress, Calif., when they filed their petition herein. During 1978, petitioner John L. Rich was employed as an attorney, and petitioner Patricia R. Rich was employed as a department manager. For that year, petitioners received wages totalling $51,305.24, which they reported on their 1978 Federal income tax return. During 1978, petitioners purchased a mobile home, together with furniture and appliances (herein, the "mobile home") at a total cost of $40,308. The mobile home was placed on a lot in Palm Desert Greens, Palm Desert, Calif., which petitioners had purchased several years earlier. Petitioners sought to rent out the mobile home, and accordingly, *391 on July 17, 1978, they executed an agreement authorizing Palm Desert Greens Realty to act as their rental agent. [1] This agreement provided that, for a 15 percent commission, Palm Desert Greens Realty would endeavor to find tenants for the mobile home at a monthly rental of $700 to $750 "during season," with rent payable on the first of each month during the tenancy. The agreement did not purport to limit the term for which the mobile home could be rented to prospective tenants. The mobile home was not in fact occupied by any tenants during 1978. However, on December 2, 1978, petitioner John L. Rich executed a lease pursuant to which the mobile home was rented to Mr. and Mrs. Wilbur Lutes from January 1, 1979 to March 31, 1979, at a monthly rental of $750.00. Although the term of their lease was 90 days, Mr. and Mrs. Lutes vacated the premises after 75 days due to illness. The mobile home was also rented on two other occasions during 1979, first from April 1 to April 15, and then from May 1 to May 29. During 1980, the mobile home was rented once, from December 31, 1979 to *392 March 31, 1980. During 1981, petitioners' mobile home was rented for two periods, first for the month of February and then for the month of March. During 1982, petitioners' mobile home was rented twice, first from January 1 to January 31, and then from February 1 until March 15. During 1983, the mobile home was rented for three periods. The first was from January 1 to February 28, the second was from March 1 to March 31, and the third was for one year, commencing April 15, 1983. The mobile home was thereafter rented on May 12, 1984, again for a period of one year. In renting their mobile home, petitioners provided furniture, linens and utilities (including gas, water, electricity and local telephone service), but did not provide maid or daily linen service to their tenants. The mobile home is petitioners' sole rental property. On their 1978 Federal income tax return, petitioners claimed an investment tax credit of $4,037 with respect to the mobile home. In his notice of deficiency, respondent disallowed entirely the claimed investment tax credit and made several other adjustments as to which the parties have reached agreement. Thus, the sole issue is whether petitioners *393 are entitled to an investment tax credit under section 38 [2] with respect to their mobile home. Section 38(a) allows a credit against tax for investment in certain depreciable property. Special rules pertaining to the amount and availability of the credit are set forth in sections 46 and 48. Section 46(c) generally provides that the allowable credit shall be a percentage of the qualified investment in "section 38 property." Resolution of the issue herein depends upon whether petitioners' mobile home is section 38 property. Section 38 property is defined in section 48. Section 48(a)(1) provides, in relevant part: Except as provided in this subsection, the term "section 38 property" means-- (a) tangible personal property * * *. However, under section 48(a)(3), even tangible personal property will not be treated as section 38 property if it is used predominantly to furnish lodging or in connection with the furnishing of lodging. An exception to this latter rule is found in section 48(a)(3)(B), which provides that "property used by a hotel or motel *394 in connection with the trade or business of furnishing lodging where the predominant portion of the accommodations is used by transients" will not be subject to the restriction contained in section 48(a)(3). The parties agree that petitioners' mobile home was tangible personal property [3] and that the mobile home was used predominantly to furnish lodging within the meaning of section 48(a)(3). However, they disagree as to whether the exception of section 48(a)(3)(B) is applicable. Petitioner argues that the mobile home was property used by a hotel or motel to furnish lodging on a transient basis within the meaning of section 48(a)(3)(B), while respondent argues that it was not. For the following reasons, we agree with respondent.
In connection with section 48(a)(3)(B), section 1.48-1(h)(2)(ii), Income Tax Regs., provides in relevant part as follows: Property used by *395 a hotel, motel, inn, or other similar establishment, in connection with the trade or business of furnishing lodging shall not be considered as property which is used predominantly to furnish lodging or predominantly in connection with the furnishing of lodging, provided that the predominant portion of the living accommodations in the hotel, motel, etc., is used by transients during the taxable year. For purposes of the preceding sentence, the term 'predominant portion' means 'more than one-half.' * * * Accommodations shall be considered used on a transient basis if the rental period is normally less than 30 days. [Emphasis added.] The validity of this regulation was upheld by this Court in Moore v. Commissioner,58 T.C. 1045, 1053-1054 (1972), affd. per curiam 489 F.2d 285 (5th Cir. 1973). Without deciding whether the mobile home was "property used by a hotel, motel, inn or other similar establishment," it is clear to us that petitioners have not established that the mobile home was used during 1978 to accommodate tenants on a transient basis. [4]
*396 The record indicates that during 1978, the mobile home was not in fact occupied by any tenants, let alone tenants who remained for less than 30 days. Moreover, the agreement by which petitioners had authorized Palm Desert Greens Realty to find tenants for the mobile home did not purport to limit the normal rental period to less than 30 days. Thus, there is no evidence that during 1978, petitioners intended the rental period of the mobile home to be "normally less than 30 days" as contemplated by section 1.48-1(h)(2)(ii), Income Tax Regs. Indeed, any assertion to this effect is belied by the fact that in December 1978, petitioners entered into a 90-day lease of the mobile home to Mr. and Mrs. Lutes, commencing January 1, 1979. [5]
*397 Petitioners argue that section 1.48-1(h)(2)(ii), Income Tax Regs., should be construed to provide a "safe harbor" wherein persons remaining less than 30 days must be considered transients, while those remaining 30 days or more may be considered transients. Petitioners further assert that their tenants were transients because they maintained residences elsewhere. We reject petitioners' interpretation of the regulation, particularly in view of Moore v. Commissioners,supra at 1053-1054, wherein we applied section 1.48-1(h)(2)(ii), Income Tax Regs., to hold that property was not used to accommodate tenants on a transient basis where it was predominantly used by tenants remaining 30 days or more. Therein, we stated that the provisions of section 1.48-1(h)(2)(ii), Income Tax Regs., were consistent with the committee reports accompanying the initial enactment of the investment tax credit in defining the term transient by reference to a rental period of "normally less than 30 days." [6] Moreover, under our analysis in Moore v. Commissioner,supra and the language of section 1.48-1(h)(2)(ii), Income Tax Regs., it is clear that the duration *398 of a tenant's occupancy, and not whether he maintains a residence elsewhere, is the relevant factor in determining his status as a transient.
In view of the foregoing, we hold that petitioners have failed to establish that the exception section 48(a)(3)(B) applies. Accordingly, we conclude that the first sentence of section 48(a)(3) precludes the allowance of any investment tax credit for the mobile home. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Palm Desert Greens Realty maintained its office at the entrance to Palm Desert Greens until 1981.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. Respondent does not contend that the mobile home was an inherently permanent structure on the land, and therefore, not personal property. See sec. 1.48-1(c), Income Tax Regs. Compare Moore v. Commissioner,58 T.C. 1045 (1972), affd. per curiam 489 F.2d 285↩ (5th Cir. 1973).
4. The credit under sec. 38 is allowable for the taxable year in which eligible property is placed in service. Secs. 46(c)(1), 46(a). Moreover, the determination of whether property qualifies as sec. 38 property in the hands of the taxpayer must be made with respect to the first taxable year in which such property is placed in service by the taxpayer. Sec. 1.48-1(a), Income Tax Regs. Since petitioner claims the investment tax credit with respect to the mobile home during 1978, he implicitly contends that the mobile home was placed in service during that year. Respondent does not argue to the contrary. Thus, since the parties agree that the mobile home was placed in service during 1978, petitioner must establish that the mobile home qualified as sec. 38 property during that year. Sec. 1.48-1(a), Income Tax Regs.↩
5. Even if we were to consider rentals of the mobile home subsequent to 1978, petitioners would fare no better. From 1979 through 1984, the mobile home was rented on 12 separate occasions. Of these, only 3 were for periods of less than 30 days; 2 were for periods of 365 days. Since the mobile home was used during this period only 3 of 12 times to furnish lodging to persons remaining less than 30 days, it is clear that petitioners do not normally rent for periods of less than 30 days.↩
6. See also Koerner v. Commissioner,T.C. Memo. 1983-588↩, in which the Court again explicitly upheld the validity of the regulation and declined to rewrite it, as petitioner seeks, to define "transient" to include a person whose occupancy is for a period of two, three or four months.